IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 4:09-CR-346 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **GREGORY O'NEAL** | : | |

## ORDER

AND NOW, this 13th day of April, 2016, upon consideration of the *pro se* motion (Doc. 255) by defendant Gregory O'Neal ("O'Neal") to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 seeking relief based on Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015), wherein the Supreme Court of the United States announced that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), defining "crime of violence" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague, see Johnson, 135 S. Ct. at 2557, and it appearing that O'Neal filed the instant motion on March 9, 2016, and the court observing that a § 2255 motion is timely if filed within one year of, *inter alia*, the date on which the movant's judgment of conviction became final, see 28 U.S.C. § 2255(f)(1), or the date on which a constitutional right is "newly recognized" by the Supreme Court of the United States if that right has been "made retroactively applicable to cases on collateral review," id. § 2255(f)(3), and the court finding that O'Neal's motion is not timely under § 2255(f)(1) because it was filed more than one

year after his judgment of conviction became final,[1] but would be timely under § 2255(f)(3) if the court determines that the Johnson decision, issued less than one year ago on June 26, 2015, is retroactively applicable on collateral review, see 28 U.S.C. § 2255(f)(3), but the court concluding that, assuming retroactivity *arguendo*,[2] O'Neal is not entitled to relief under Johnson because he was not convicted under the Armed Career Criminal Act, (see Doc. 112), nor was he sentenced as a career offender under § 4B1.1 of the Sentencing Guidelines, which contains a residual

---

[1] When the petitioner has taken a direct appeal, the § 2255 limitations period begins to run "on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." United States v. Davies, 394 F.3d 182, 186 n.2 (3d Cir. 2005) (quoting Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999)). In the instant case, the United States Court of Appeals for the Third Circuit affirmed the judgment of conviction and sentence on June 4, 2013. (Doc. 225). The Supreme Court denied O'Neal's petition for certiorari on November 4, 2013. See O'Neal v. United States, __ U.S. __, 134 S. Ct. 539 (2013). Hence, the prescribed one-year limitations period under § 2255(f)(1) expired on November 4, 2014. See Davies, 394 F.3d at 186 n.2 (quoting Kapral, 166 F.3d at 577).

[2] The Supreme Court in Johnson did not address the issue of retroactivity. See Johnson, 135 S. Ct. 2551. However, the Court is poised to resolve that question in Welch v. United States, No. 15-6418, after hearing oral argument in that case on March 30, 2016. In Welch, both the defendant and the Department of Justice take the position that Johnson applies retroactively on collateral review to defendants convicted under the residual clause of the Armed Career Criminal Act.

clause identical to the language found to be unconstitutionally vague in Johnson,[3] and it plainly appearing from O'Neal's motion and the record of prior proceedings that O'Neal is not entitled to relief, R. GOVERNING § 2255 CASES R. 4(b), it is hereby ORDERED that:

1. O'Neal's motion (Doc. 255) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED.

2. The court finds no basis to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); R. GOVERNING § 2255 CASES R. 11(a).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[3] The Third Circuit Court of Appeals has consistently relied on authority interpreting the Armed Career Criminal Act when applying the residual clause of the career offender guideline. See United States v. Marrero, 743 F.3d 389, 394 n.2 (3d Cir. 2014) (citing Hopkins v. United States, 555 U.S. 1132 (2009)). In the wake of Johnson, the United States Sentencing Commission proposed an amendment to the career offender guideline which eliminates the residual clause therefrom. However, O'Neal was not sentenced as a career offender, and thus the court need not decide whether Johnson applies retroactively to career offender cases on collateral review.